OPINION
Defendant, Robert L. Copes, Jr., appeals from a judgment entered pursuant to R.C. 2950.09(B) finding him to be a sexual predator.
Copes was indicted on one count charging forcible rape of a child under thirteen years of age. R.C. 2907.02(A)(1)(b). He entered a negotiated plea of guilty to one count of gross sexual imposition. R.C. 2907.05(A)(4). Copes was convicted on his plea and sentenced to two years probation.
A hearing was held pursuant to R.C. 2950.09(A) to determine whether Copes should be classified as a sexual predator. The State presented the testimony of Mary Williams, a probation officer, and a psychological report on Copes authorized by Kim Stookey, Ph.D. Copes also testified. Based on that evidence, the court ordered Copes classified as a sexual predator.
Copes filed a timely notice of appeal. He presents two assignments of error:
 FIRST ASSIGNMENT OF ERROR THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY ADMITTING LAY OPINION ON THE ULTIMATE ISSUE IN THE CASE WHICH OPINION WAS RENDERED OVER OBJECTION AND WITHOUT FOUNDATION.
 SECOND ASSIGNMENT OF ERROR THE TRIAL COURT DETERMINATION THAT APPELLANT IS A SEXUAL PREDATOR IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND CONTRARY TO LAW.
Because the assignments of error are interrelated, they will be considered together.
R.C. 2950.01(E) states: "`Sexual predator' means a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." The General Assembly has prescribed that a determination that a defendant is a sexual predator must be based on "clear and convincing evidence." R.C.2950.09(B)(3).
Clear and convincing evidence is that degree or measure of proof which is more than a mere preponderance of the evidence, but not to the extent of such certainty as is required beyond a reasonable doubt, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established. Cross v. Ledford (1954), 161 Ohio St. 469.
Per R.C. 2950.01(D)(2)(a), the offense of gross sexual imposition is a sexually-oriented offense when the victim is a minor. Copes' victim was ten years of age. Therefore, the offense of which he was convicted is a sexually oriented offense as required by the first prong of R.C. 2950.01(E), the definitional statute. The other prong of R.C. 2950.09(E), that the offender "is likely to engage in the future in one or more sexually oriented offenses," is the focus of the error assigned.
A likelihood is merely a probability, that is, a prospect that an event is more likely than not to occur. Practitioners of the social sciences state that human behavior cannot be predicted with a reasonable degree of confidence. Further, classifications are ordinarily made in the law on the basis of past facts established, not on the basis of future facts predicted. The difficulties inherent in the prediction are increased by application of the clear and convincing evidence standard that the General Assembly has imposed.
Mary Williams identified herself as a Sex Offender Specialist employed by the court's Adult Probation Department. (T.2). She did not testify concerning the functions of her job or her qualifications for it. Williams recommended that Copes be classified as a sexual predator. (T.4). Williams testified that her recommendation was based on a psychological evaluation included in a Presentence Investigation Report and a House Bill 180 Screening Instrument she had prepared. (T.4).
The House Bill 180 Screening Instrument, which Williams identified as "an instrument given us by the State" (T.3), is apparently a compilation of responses to the factors set out in R.C. 2509.09(B)(2)(a)-(j) that the section requires the court toconsider when making a sexual predator determination. Williams testified that "we fill out (the instrument) and we make a recommendation to the Court, not necessarily based on how many yes's or how many no's. Each case is individual." (T.3).
Concerning her recommendation that Copes be classified or sexual predator, Williams stated:
 "Um, our recommendation is based on a yes response to B, in which he does have a prior record. Ah, a yes response as far as the age of the victim, uh, was under the age of eighteen. Ah, a yes response to H, which indicates that the abuse had been going on for a period of time. And a yes response to J, in which we were to add any additional behavioral characteristics. We noted that he was adjudicated a delinquent child and sentenced to the Department of Youth Services for two counts of Rape, which were separate victims, and under the age of eighteen." (T. 3).
In reviewing the R.C. 2950.09(B)(2) factors as they apply to Copes, Dr. Stookey noted that several of the factors set out in R.C. 2950.09(B)(2) have not been scientifically demonstrated to predict recidivism for sexual offenders. These include the offender's age, the victim's age, the fact that multiple victims were involved, the use of drugs or alcohol to impair the victim, and mental illness or disability. Those factors which have been scientifically demonstrated to predict recidivism include a prior criminal record and the use of threats or displays of cruelty. Previous participation in a sexual offender program is essentially neutral.
The matters involved in the R.C. 2950.02(B)(2) factors are, for the most part, facially neutral in relation to the finding of fact which that section requires the court to make. Requiring the court to consider them, absent evidence relevant to those matters probative of the issue to be determined, creates a strong potential for an arbitrary result. Arbitrary determinations are inherently violative of due process. Indeed, due process violations typically result from a breach of the separation of powers principle that occurs when the legislative branch enacts a statute whose object is to produce a judicial finding of fact that conforms to legislative policy. The same is not necessarily true of relief which the legislative branch authorizes the courts to grant on the basis of a judicial finding of fact.
The "profile" of Defendant Copes which the House Bill 180 screening instrument produced does not demonstrate, on the clear and convincing evidence standard that R.C. 2950.09(B)(2) prescribes, that Copes is likely to re-offend. However, evidence probative of that finding exists when the psychological report that Dr. Stookey prepared is also considered, as the trial court apparently did. (T.2).
Both Dr. Stookey and Mary Williams focused primarily on Copes' record of sex offenses. As a seventeen year old, Copes was sent to Indian River Boys School because of sexual contact with two young children. Dr. Stookey opined that these prior offenses "would increase his risk for sexual reoffending." Dr. Stookey added that the risk is increased by "Mr. Copes' martial history as single, his history of substance abuse, and his poor employment history." Demonstrating the correctness of those conclusions is the fact that Copes' victim in this instance was a ten year old girl.
"Weight" of the evidence refers to the inclination of the greater amount of the credible evidence offered in a trial to prove the issue established by the verdict that was reached.State v. Thompkins (1997), 78 Ohio St.3d 380. The test is whether that evidence is capable of inducing belief in its truth, and whether those truths preponderate in favor of the verdict according to the applicable burden of proof. State v. Jenks
(1991), 61 Ohio St.3d 259.
Dr. Stookey's conclusions are persuasive evidence of a clear and convincing quality from which the trial court could reasonably find that Copes is likely to engage in one or more sexually oriented offenses in the future. Therefore, the determination that Copes is a sexual predator is not against the manifest weight of the evidence. The second assignment of error is overruled.
Copes' first assignment of error argues that the trial court erred when it admitted Mary Williams' opinion evidence on the ultimate issue. However, such evidence "is not objectionable solely because it embraces an ultimate issue to be decided by the trier of fact." Evid.R. 704.
Copes also argues that Mary Williams' recommendation that he be found to be a sexual predator was "without foundation." The foundational requirement of testimony by experts are set out in Evid.R. 702. The State failed to meet the burden imposed on it by the Rule to prove Mary Williams' qualifications to testify as an expert. Further, to the extent that she based her recommendation on her evaluation of Copes using the House Bill 180 screening instrument, there is no basis from which to find that its protocols satisfy the requirements of Evid.R. 702(C). The fact that the screening instrument replicates the R.C. 2950.09(B)(2) factors which the court must consider is irrelevant in that regard.
Nevertheless, the Supreme Court of Ohio has held that the Rules of Evidence do not strictly apply to sexual predator determination hearings. State v. Cook (1998), 83 Ohio St.3d 404. Therefore, absent some demonstrated prejudice, which is not shown, we cannot find that the trial court erred when it overruled Copes' objections and admitted the evidence the State offered through the testimony of Mary Williams. The first assignment of error is overruled.
Having overruled both assignments of error that Defendant-Appellant has presented, we will affirm the judgment of the trial court from which this appeal was taken.
WOLFF, J. and YOUNG, J., concur.
Copies mailed to:
George A. Katchmer, Esq., J. Allen Wilmes, Esq., Hon. Michael T. Hall